UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST et al., <br><br>　　　　　　Plaintiffs,<br>　v.<br><br>CRESCENT MECHANICAL INC. et al.,<br><br>　　　　　　Defendants,<br>　v.<br><br>HERITAGE BANK,<br><br>　　　　　　Garnishee-Defendant. | CASE NO. 2:24-cv-00891-LK <br><br> ORDER REGARDING REQUEST TO STOP GARNISHMENT |

　　　This matter comes before the Court on Defendant Nancy Hamilton's letter "request[ing] to stop the wage garnishment that is currently being imposed on [her]," Defendant Guy Hamilton, and their company Defendant Crescent Mechanical, Inc. Dkt. No. 8 at 1. Attached to the letter are what appear to be two exemption claims. The first one, which bears the docket number and caption of this case, includes only the first page of the exemption form without the second two pages. *Id.*

ORDER REGARDING REQUEST TO STOP GARNISHMENT - 1

at 2; *see also* WPF GARN 01.0500 (Exemption Claim form for a writ to garnish funds or property held by a financial institution).[1] Without the complete form, the Court and parties cannot determine what funds or property Ms. Hamilton is claiming to be exempt or the basis for an exemption. Accordingly, Defendants are ORDERED to file a complete exemption claim within seven days of the date of this Order if they are claiming an exemption in this matter.

The second exemption claim bears case number 2:24-mc-00020-LK and lists "US Bank" as the garnishee in the caption. Dkt. No. 8 at 3–5. It therefore appears that although Ms. Hamilton attached that exemption claim to her letter that includes the case number in this case, she may have intended to file it in case number 2:24-mc-00020-LK. Accordingly, the Court DIRECTS the Clerk to file pages 3–9 of docket entry 8 in case number 2:24-mc-00020-LK.[2]

An additional problem remains: Ms. Hamilton's letter requests relief on behalf of her husband and Crescent Mechanical, Inc., but she does not appear authorized to seek relief for others. Ms. Hamilton does not claim to be an attorney, and a non-attorney cannot represent others except in rare circumstances not present here. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Furthermore, corporations and other business entities cannot appear pro se in federal court; they must be represented by licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). In light of these requirements, courts routinely refuse to consider submissions filed by non-attorneys on behalf of corporations. *See, e.g.*, *Glob.*

---

[1] Garnishment forms can be found at https://www.courts.wa.gov/forms/?fa=forms.contribute&formID=20 (last visited July 3, 2024). On June 21, 2024, the Clerk of the Court entered a minute entry stating that this case, which was proceeding under case number 2:24-mc-00021, remained assigned to United States District Judge Lauren King and was being assigned case number 2:24-cv-00891-LK. *See* June 21, 2024 Minute Entry.

[2] It is unclear whether pages 6–9 of docket entry 8 relate to the exemption claim in this case, to case number 2:24-mc-00020, or to both cases. Out of abundance of caution, the Court directs the Clerk to file pages 3–9 of docket entry 8 in case number 2:24-mc-00020-LK.

ORDER REGARDING REQUEST TO STOP GARNISHMENT - 2

*eBusiness Servs., Inc. v. Fin. Indus. Regul. Auth., Inc.*, 741 F. App'x 438, 439 (9th Cir. 2018) ("We do not consider Ali's contentions on behalf of Global eBusiness Services, Inc. because Ali, who is appearing pro se, may not represent a corporation."); *United States v. Newby*, No. C18-5978-RBL, 2020 WL 569866, at *1 n.1 (W.D. Wash. Feb. 5, 2020), *aff'd*, 851 F. App'x 757 (9th Cir. 2021) (declining to consider a non-attorney's response filed on behalf of a corporation because "[a]n artificial entity cannot appear pro se in this or any other court"); *Long v. Hollywood Vineyards, LLC*, No. C17-296-RSM, 2018 WL 5848836, at *1 (W.D. Wash. Nov. 8, 2018) (noting that the "[d]efendant, as a business entity, may not appear pro se," and concluding that "[non-attorney] James Gorman's filing, purportedly on behalf of Defendant, is improper and will not be considered"). Accordingly, while Ms. Hamilton may file documents on her own behalf—as can Mr. Hamilton—they may not file documents or seek relief on behalf of the corporation or anyone else based on the current record.

Dated this 10th day of July, 2024.

*[signature: Lauren King]*

Lauren King
United States District Judge